IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES A. SYRUS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-196-D |
| MCAFEE & TAFT LAW FIRM, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Charles A. Syrus Jr.'s complaint [Doc. No. 1]. Upon review, the complaint appears to be an effort by Plaintiff to circumvent the judgements of this Court. *See Syrus v. McAfee*, Case No. CIV-23-467 (W.D. Okla. June 14, 2023) ("*Syrus V*"); *Syrus v. Nat'l Basketball Ass'n*, Case No. CIV-22-21-D (W.D. Okla. Jan. 20, 2022) ("*Syrus IV*"); *Syrus v. Nat'l Basketball Ass'n*, Case No. CIV-19-504-D, 2019 WL 11556847 (W.D. Okla. June 6, 2019), *aff'd*, No. 19-6096, 2019 WL 7938555 (10th Cir. Oct. 25, 2019) ("*Syrus III*"); *Syrus v. Prof'l Basketball Club, LLC*, Case No. CIV-12-678-D, 2012 WL 2995739 (W.D. Okla. July 23, 2012), *appeal dismissed*, No. 12-6219 (10th Cir. Oct. 11, 2012) ("*Syrus II*"); *Syrus v. Bennett*, Case No. CIV-10-1116-D, 2011 WL 1515613 (W.D. Okla. April 19, 2011), *aff'd*, 455 F. App'x 806 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 2692 (2012) ("*Syrus I*").

All of Plaintiff's complaints are substantially similar. Moreover, in *Syrus V*, the Court stated the action "appear[ed] essentially to be a refiling of *Syrus IV* and [it was therefore] barred by claim preclusion." *Syrus V,* Case No. CIV-23-467 (Doc. No. 9 at p. 2).

The same is true here. Plaintiff's complaint is virtually identical to the complaint filed in *Syrus V*.[1]

In both *Syrus IV* and *Syrus V*, this Court further "advised Plaintiff that he cannot continue to relitigate his prior cases[.]" *Id*; *Syrus IV*, Case No. Civ-22-21 (Doc. No. 6 at 3). Despite the Court's admonitions, Plaintiff filed the instant action.

The Court notes that, in addition to the conduct already described, the Tenth Circuit has stated that one of Plaintiff's complaints consists entirely of "nonsensical" and "incomprehensible Claims." *Syrus*, No. 19-6096, 2019 WL 7938555, at *3 (10th Cir. Oct. 25, 2019). In this way, each of Plaintiff's complaints is substantially alike. To the extent the Court can make out factual allegations, the underlying conduct began over a decade ago. *See id*. Moreover, it would not be unreasonable to construe Plaintiff's instant complaint as an effort to obtain a different judge in light of dissatisfaction with previous outcomes. *See Syrus V*, Case No. CIV-23-467 (June 27, 2023) (Doc. No. 12) (denying Plaintiff's post-dismissal Motion to Request a New Judge); *see also* [Doc. No. 5] (showing the instant action was initially assigned to Judge Wyrick).

Like Plaintiff's last pleading in *Syrus V*, the Complaint here is largely unintelligible and does not come close to satisfying the federal pleading requirements of Fed. R. Civ. P. 8. The Court finds that the Complaint fails to state a plausible claim against any named Defendant. Thus, Plaintiff's complaint is subject to dismissal.[2] The Court further finds that

---

[1] In addition to asserting nearly identical claims, in both cases, Plaintiff attached over 1500 pages of the same exhibits.
[2] Plaintiff has been granted permission to proceed in this case without paying fees and costs under 28 U.S.C. § 1915. "A district court may dismiss [*sua sponte*] under § 1915 for failure

allowing Plaintiff an opportunity to amend would be futile.

Lastly, the Court notes that, should Plaintiff continue to ignore the Court's admonitions about relitigating previous actions, it may become necessary to subject Plaintiff to sanctions under Fed. R. Civ. P. 11 to restrict future filings as appropriate.

**IT IS THEREFORE ORDERED** that the action is **DISMISSED WITH PREJUDICE** to refiling. A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 10th day March 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

to state a claim if 'it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).